IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTA C. BRENNAN,<br><br>*Plaintiff,*<br><br>v.<br><br>PHILLIP J. CANNELLA, III,<br><br>and<br><br>JOANN SMALL,<br><br>and<br><br>FIRST SENIOR FINANCIAL GROUP, LLC,<br><br>and<br><br>JOHN DOE NOS. 1-10,<br><br>*Defendants.* | CIVIL ACTION<br><br>NO. 2:14-CV-01560-JCJ |

## AMENDED COMPLAINT

Plaintiff Krista C. Brennan ("Krista") hereby brings this Amended Complaint against Defendants Phillip J. Cannella, III ("Cannella"); Joann Small ("Small); First Senior Financial Group, LLC ("FSFG"); and John Doe Nos. 1-10 (the "John Does") (collectively "Defendants").

### The Parties

**1.** Krista is an adult individual who lived in Chester County, Pennsylvania until June 28, 2013. Krista has substantial background and experience in journalism.

2. FSFG is a Pennsylvania limited liability company that sells insurance to retirees and senior citizens. FSFG is headquartered within the Eastern District of Pennsylvania.

3. Cannella is an adult individual who lives within the Eastern District of Pennsylvania. Cannella founded FSFG and sells insurance through that company.

4. Small is an adult individual who lives within the Eastern District of Pennsylvania and who serves as the chief executive officer of FSFG.

5. The John Does are natural persons or business entities whose names and addresses are unknown. The John Does conspired with Cannella, Small, and FSFG in perpetuating the wrongful acts alleged below.

## Jurisdiction

6. This Court has general jurisdiction over Cannella, Small, and FSFG because they reside within the Eastern District of Pennsylvania and do business there continuously and systematically.

7. To the extent that this Court lacks general jurisdiction over the John Does, it has specific jurisdiction over them given that Krista's claims arise out of their wrongful acts directed to her within Pennsylvania.

8. Under 28 U.S.C. § 1331, this Court has subject-matter jurisdiction over Krista's claims under 18 U.S.C. § 2707.

9. This Court has supplemental jurisdiction over Krista's state-law claims under 28 U.S.C. § 1367.

## General Background Facts

10. In January 2011, Krista created a web site called truthaboutcannella.com.

11. The purpose of truthaboutcannella.com was to provide truthful information to retirees and senior citizens—the client base targeted by Cannella—about corrupt business practices employed by that Defendant.

12. In March 2011, Krista replaced truthaboutcannella.com with truthaboutcannella.net.

13. Krista posted on truthaboutcannella.net under the name "Watchdog."

14. Soon after truthaboutcannella.net went live, Cannella became obsessed with the possibility of knocking that site offline because his potential clients were learning the truth about him. No later than September 2011, Defendants were mounting denial-of-service attacks on truthaboutcannella.net in an effort to disable the site. Defendants overwhelmed the servers hosting truthaboutcannella.net with data requests, compromising their ability to operate effectively.

15. Cannella spent $3,000 to $4,000.00 on computers tasked with carrying out the denial-of-service attacks. These computers were placed off of FSFG's premises in the hope that the denial-of-service attacks would not be traced back to Defendants. Cannella knew that denial-of-service attacks are illegal.

16. Defendants succeeded in knocking truthaboutcannella.net offline for several days in or around September 2011, but failed to permanently disable it until much later.

17. Defendants also attempted to penetrate the firewall protecting truthaboutcannella.net.

18. A reasonable opportunity for further investigation or discovery will show that Defendants requested that Cyber Cast International, S.A. ("CCI")—the company hosting

truthaboutcannella.net for Krista—delete all of the data that Krista kept on her CCI server in or around early December 2011.

19. On March 9, 2012, Defendants filed a lawsuit in the U.S. District Court for the Eastern District of Pennsylvania (the "Watchdog action") to achieve what they had thus far failed to accomplish through illegal means: the permanent take-down of truthaboutcannella.net.

20. On August 21, 2012, Defendants filed a motion in the Watchdog action requesting the immediate take-down of truthaboutcannella.net. The court did not grant Defendants' motion, and thus truthaboutcannella.net remained online.

21. On November 21, 2012, Cannella sent the following two text messages within the same minute to former business associates whom he had alienated and whom he believed to support truthaboutcannella.net:

> Where is truth about Cannella site? Lmao.
>
> For the wrath of God is quick, and powerful, and sharp like a twoedged [sic] sword, piercing even to the dividing asunder of the evil soul.

22. Cannella refers to himself as "wielding the Sword of Truth" in marketing materials.

23. Krista's attorney disclosed these text messages to Cannella's attorneys in 2013, and they did not deny that Cannella sent them. However, Cannella's attorneys struggled to provide an innocent explanation for the messages because they clearly convey that Cannella was involved in the take-down of truthaboutcannella.net.

24. In or around late November or early December 2012, Defendants gained unauthorized access to Krista's email, social media, and web hosting accounts. These accounts included:

    a. the web hosting account for truthaboutcannella.net at CCI;

    b. the web hosting account for truthaboutcannella.com at Bluehost Inc.;

    c. the email account, truthaboutcannella@gmail.com, at Google;

    d. the email account, watchdog@truthaboutcannella.net, at CCI;

    e. the email account, metaphysicalgrrl@yahoo.com, at Yahoo!;

    f. the email account, happyandfun2009@yahoo.com, at Yahoo!; and

    g. Krista's personal Facebook account.

25. Shortly after Defendants gained access to the web hosting accounts referenced above, Krista was permanently locked out of them. The truthaboutcannella.net and truthaboutcannella.com domain registrations were transferred into the possession of Defendants. The truthaboutcannella.net and truthaboutcannella.com web sites were promptly shuttered.

26. Defendants removed personal and financial data and destroyed content contained in the accounts referenced in Paragraph No. 124 after gaining access to them.

27. On December 5, 2012, an anonymous individual uploaded many of Krista's emails or copies thereof to a publically available hyperlink at Ge.tt, a file-sharing service. A reasonable opportunity for further investigation or discovery will show that this anonymous individual was actually one of the Defendants.

28. On January 15, 2013, at least six emails purporting to originate from Krista's metaphysicalgrrl@yahoo.com email account were sent to Defendants' attorney (who has since

5

withdrawn) in the <u>Watchdog</u> action. These emails were sent by Defendants in an attempt to impersonate Krista and to compromise her legal position in the <u>Watchdog</u> action.

29.   In one such email, "Krista" states (without being asked):  "I've been saying that Cannella hacked the site but it could be that one of the people I permitted admin access to the site and emails deleted a lot of records." This was a clumsy attempt to discredit Krista's truthful allegations that Cannella had gained unauthorized access to truthaboutcannella.net and her emails.

30.   By June 14, 2013, Krista's emails had been downloaded at least 14 times from Ge.tt by unknown members of the public.

31.   By the next day, Krista's emails had been downloaded at least 34 times from Ge.tt by unknown members of the public.

32.   On June 17, 2013, Ge.tt removed access to Krista's emails because it determined that their upload had violated the company's terms of service.

**<u>Count I:  Invasion of Privacy - Intrusion Upon Seclusion – Against All Defendants</u>**

33.   Krista incorporates by reference each and every paragraph stated above as if fully set forth therein.

34.   Defendants intruded upon the solitude and seclusion of Krista and her private affairs by accessing many of her private emails.

35.   Krista had a reasonable expectation of privacy in the contents of her emails.

36.   Defendants' intrusion would be highly offensive to a reasonable person.

37.   Defendants' intrusion was unlawful and unjustifiable.

38.   Defendants are subject to liability for committing the tort of invasion of privacy.

**Count II:  Unlawful Access to Stored Communications – Against All Defendants**

39. Krista incorporates by reference each and every paragraph stated above as if fully set forth therein.

40. A person violates the unlawful access to communications statute, 18 U.S.C. § 2701, if he or she "intentionally accesses without authorization a facility through which an electronic communication service is provided."

41. Defendants knowingly and intentionally accessed the accounts referenced in Paragraph No. 124 without Krista's authorization.

42. In doing so, Defendants accessed Google, Yahoo!, CCI, Bluehost, and Facebook, which are facilities through which electronic communications services are provided.

43. Defendants violated 18 U.S.C. § 2701 and thereby rendered themselves liable for damages under 18 U.S.C. § 2707.

44. Defendants profited from their violations of 18 U.S.C. § 2701, as they resulted in the take-down of truthaboutcannella.net.

**Count III:  Negligence Per Se – Unlawful Use of Computer – Against All Defendants**

45. Krista incorporates by reference each and every paragraph stated above as if fully set forth therein.

46. A person violates Pennsylvania's unlawful use of computer statute, 18 Pa. Cons. Stat. Ann. § 7611, if he or she:

> (1) accesses or exceeds authorization to access, alters, damages or destroys any computer, computer system, computer network, computer software, computer program, computer database, World Wide Web site or telecommunication device or any part thereof with the intent to interrupt the normal functioning of a person or to devise or execute any scheme or artifice to defraud or deceive or

>control property or services by means of false or fraudulent pretenses, representations or promises; [or]
>
>(2) intentionally and without authorization accesses or exceeds authorization to access, alters, interferes with the operation of, damages or destroys any computer, computer system, computer network, computer software, computer program, computer database, World Wide Web site or telecommunication device or any part thereof.

47. The purpose of 18 Pa. Cons. Stat. Ann. § 7611 is, in part, to protect the interests of Krista and other users or operators of computers, computer programs, and web sites.

48. 18 Pa. Cons. Stat. Ann. § 7611 clearly applies to the conduct of Defendants.

49. Defendants violated 18 Pa. Cons. Stat. Ann. § 7611.

50. Defendants' violations of 18 Pa. Cons. Stat. Ann. § 7611 were a proximate cause of Krista's injuries.

**Count IV: Negligence Per Se – Disruption of Service – Against All Defendants**

51. Krista incorporates by reference each and every paragraph stated above as if fully set forth therein.

52. A person violates Pennsylvania's disruption of service statute, 18 Pa. Cons. Stat. Ann. § 7612, if he or she:

>intentionally or knowingly engages in a scheme or artifice, including, but not limited to, a denial of service attack upon any computer, computer system, computer network, computer software, computer program, computer server, computer database, World Wide Web site or telecommunication device or any part thereof that is designed to block, impede or deny the access of information or initiation or completion of any sale or transaction by users of that computer, computer system, computer network, computer software, computer program, computer server or database or any part thereof.

53. A "denial of service attack" is defined by 18 Pa. Cons. Stat. Ann. § 7601 as:

8

>An explicit attempt to prevent legitimate users of a service from using that service, including, but not limited to:
>
>(1) flooding a network, thereby preventing legitimate network traffic;
>
>(2) disrupting connections between two computers, thereby preventing access to a service;
>
>(3) preventing a particular person from accessing a service; or
>
>(4) disrupting service to a specific computer system or person.

54. The purpose of 18 Pa. Cons. Stat. Ann. § 7612 is, in part, to protect the interests of Krista and other users or operators of computers, computer programs, and web sites.

55. 18 Pa. Cons. Stat. Ann. § 7612 clearly applies to the conduct of Defendants.

56. Defendants violated 18 Pa. Cons. Stat. Ann. § 7612.

57. Defendants' violations of 18 Pa. Cons. Stat. Ann. § 7611 were a proximate cause of Krista's injuries.

### Count V: Negligence Per Se – Computer Trespass – Against All Defendants

58. Krista incorporates by reference each and every paragraph stated above as if fully set forth therein.

59. A person violates Pennsylvania's computer trespass statute, 18 Pa. Cons. Stat. Ann. § 7615, if he or she:

>knowingly and without authority or in excess of given authority uses a computer or computer network with the intent to:
>
>(1) temporarily or permanently remove computer data, computer programs or computer software from a computer or computer network;
>
>(2) cause a computer to malfunction, regardless of the amount of time the malfunction persists; [or]

    (3) alter or erase any computer data, computer programs or computer software.

  60. The purpose of 18 Pa. Cons. Stat. Ann. § 7615 is, in part, to protect the interests of Krista and other computer owners.

  61. 18 Pa. Cons. Stat. Ann. § 7615 clearly applies to the conduct of Defendants.

  62. Defendants violated 18 Pa. Cons. Stat. Ann. § 7615.

  63. Defendants' violations of 18 Pa. Cons. Stat. Ann. § 7615 were a proximate cause of Krista's injuries.

### Count VI: Identity Theft – Against All Defendants

  64. Krista incorporates by reference each and every paragraph stated above as if fully set forth therein.

  65. A person violates Pennsylvania's identity theft statute, 18 Pa. Cons. Stat. Ann. § 4120, if he or she "possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose."

  66. Under the same statute, the definition of "[i]dentifying information" includes "any fact used to establish identity."

  67. Each time that Defendants accessed the accounts referenced in Paragraph No. 124, they did so to further the unlawful purposes alleged above. Accordingly, Defendants committed identity theft and thereby rendered themselves liable for damages under 42 Pa. Cons. Stat. Ann. § 8315.

## VII: Civil Conspiracy – Against All Defendants

**68.** Krista incorporates by reference each and every paragraph stated above as if fully set forth therein

**69.** Cannella, Small, and FSFG acted together with the John Does to commit the wrongful acts alleged above.

## Relief Requested

WHEREFORE, Plaintiff Krista C. Brennan demands judgment in her favor and against Defendants for:

**a)** Compensatory damages in excess of $50,000.00;

**b)** Treble damages under 42 Pa. Cons. Stat. Ann. § 8315;

**c)** All profits earned by Defendants pursuant to 18 U.S.C. § 2707(c);

**d)** Pre-judgment interest;

**e)** Post-judgment interest;

**f)** Punitive damages;

**g)** Reasonable attorney's fees and court costs;

**h)** Costs for any forensic examination services or other experts retained by Krista in prosecuting this action; and

**i)** The return of all data belonging to Krista that Defendants stole.

Respectfully,

By:   <u>s/                                                             </u>
Jonathan Z. Cohen, Esquire
PA ID No. 205941
175 Strafford Avenue, Suite 1 # 212
Wayne, Pennsylvania 19087-3340
(484) 580-8878
(215) 839-8951 (fax)
jzc@jzc-law.com

*Attorney for Defendant Krista C. Brennan*

Dated: April 19, 2014

## **CERTIFICATE OF SERVICE**

I, Jonathan Z. Cohen, attorney for Defendant Krista C. Brennan, certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.

The following parties have consented to electronic service:

**JONATHAN Z. COHEN**
jzc@jzc-law.com

**STEVEN PACHMAN**
spachman@mmwr.com, cbutler@mmwr.com

**K. CARRIE SARHANGI**
csarhangi@mmwr.com, jmwright@mmwr.com

**CRAIG E. ZIEGLER**
cziegler@mmwr.com, lschmidt@mmwr.com

 

s/ _____
Jonathan Z. Cohen, Esquire

*Attorney for Defendant Krista C. Brennan*

Date:  April 19, 2014